UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HUGO DURAN,                                              )
                                                         )
                                                         )    **AMENDED COMPLAINT**
                Plaintiffs,         )
                                                         )    **JURY TRIAL DEMANDED**
  -against-                                            )
                                                         )    17 Civ. 9668 (RJS) (KNF)
THE CITY OF NEW YORK; NYPD SERGEANT   )
LOUIS LATORRE, Shield No. 803; NYPD       )
POLICE OFFICER ADAM MAY, Shield No. 13; )
NYPD POLICE OFFICER MELISSA NATAL,    )
Shield No. 01068; JOHN DOES MEMBERS OF )
THE NYPD; and RICHARD ROES                    )
SUPERVISORY MEMBERS OF THE NYPD,    )
                                                         )
                Defendants.         )
------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.    This is a civil action in which the plaintiff, HUGO DURAN, seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments.  The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

1

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

## JURY TRIAL DEMANDED

3. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c).

## NOTICE OF CLAIM

5. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on October 14, 2016, within 90 days of the incidents complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

6. Plaintiff was at all times relevant herein a resident of the State of New York.

7. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement

and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

8. Defendants LATORRE, MAY, NATAL, and JOHN DOES MEMBERS OF THE NYPD are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants JOHN DOES MEMBERS OF THE NYPD are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants LATORRE, MAY, NATAL, and JOHN DOES MEMBERS OF THE NYPD are sued individually.

9. Defendants LATORRE and RICHARD ROES SUPERVISORY MEMBERS OF THE NYPD are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants RICHARD ROES SUPERVISORY MEMBERS OF THE NYPD are and were at all times

relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants LATORRE and RICHARD ROES SUPERVISORY MEMBERS OF THE NYPD are sued individually.

## STATEMENT OF FACTS

10.    At approximately 1:00 a.m. on September 10, 2016, Plaintiff was beaten up by a group of men in his neighborhood.

11.    Plaintiff went to a local firehouse to seek assistance.

12.    On information and belief, the New York City Fire Department personnel at the firehouse (unbeknownst to Plaintiff) made some sort of a radio or telephone call concerning Plaintiff's injuries, which alerted the NYPD about it in some way.

13.    Plaintiff, who had no cell phone on him, then decided to go to his home at 90 Roe Street, Staten Island, NY.

14.    When Plaintiff got home the door to his home, which he had expected to be unlocked, was locked, and he had no key on him.

15.    While waiting at the back entrance to his home for a member of his family to open the door for him, approximately eight JOHN DOES MEMBERS OF THE NYPD (mostly male, but some female) – on information and belief including Defendants LATORRE, MAY, and NATAL - arrived at his home.

16.    The JOHN DOES MEMBERS OF THE NYPD illegally, without a warrant, entered upon the property of Plaintiff's home, and went to the back where Plaintiff was waiting.

4

17. The JOHN DOES MEMBERS OF THE NYPD asked Plaintiff what had happened, and Plaintiff explained that he had been attacked.

18. Plaintiff had a significant amount of blood on his face from the beating by the group of men, and it was also visually obvious that Plaintiff had been the victim of a violent crime.

19. A bald, male JOHN DOE MEMBER OF THE NYPD told Plaintiff that an ambulance was at the front of his home, and that Plaintiff should come around to the front of his home.

20. Plaintiff then went around to the front of his home.

21. Plaintiff's behavior in dealing with the JOHN DOES MEMBERS OF THE NYPD was calm, and Plaintiff was not behaving aggressively toward them in any way.

22. After Plaintiff had gone around to the front side of his house pursuant the bald, male JOHN DOE MEMBER OF THE NYPD's request, one of the JOHN DOES MEMBERS OF THE NYPD said something to the effect of, "just tase him."

23. Another JOHN DOE MEMBER OF THE NYPD - on information and belief Defendant LATORRE - then, without any possible legitimate reason or justification, shot Plaintiff from behind with a TASER device, and inflicted upon Plaintiff its agonizing and incapacitating cycle of electricity.

24. Plaintiff was tased in the roadway, a short distance from the ambulance.

25. Plaintiff, upon being struck by the TASER dart(s), felt pain from the electricity from the TASER all throughout his body, and lost control of his body and fell to the pavement.

26. TASER International, Inc.'s training materials have, *inter alia*, explicitly cautioned law enforcement users of its products to be cognizant of the fact that use of a TASER frequently causes people to fall, which can cause serious injury (even from ground level), and that law enforcement personnel using a TASER should consider the environment and the likelihood of a fall-related injury. An example of such a warning from TASER's training power-point displays, is[1]:

---

[1] Note: "NMI" is an acronym for Neuromuscular Incapacitation, which is what occurs when electricity from a Taser courses through a person's body.

**Injuries From Falls**
- NMI frequently causes people to fall
- Falls, even from ground level, can cause serious injuries
- Consider the environment and the likelihood of a fall related injury

27.     On information and belief, the City of New York failed to properly train members of the NYPD to not use TASER equipment upon members of the public when an arrest can otherwise be safely effected without resort to the use of TASER equipment.

28.     On information and belief, the City of New York likewise failed to properly train members of the NYPD how to use TASER devices in a manner that would avoid the heightened risks highlighted by TASER International, Inc. in its training materials.

29.     After tasering Plaintiff, the JOHN DOES MEMBERS OF THE NYPD shouted "stop resisting" even though Plaintiff was not resisting them at all.

30.     The JOHN DOES MEMBERS OF THE NYPD then rear-handcuffed Plaintiff with extreme and punitive tightness, and placed Plaintiff on a gurney.

31.     Plaintiff was then taken, handcuffed and in police custody, to Richmond University Medical Center.

32.     Two JOHN DOES MEMBERS OF THE NYPD were in the ambulance with Plaintiff as he was taken to the hospital.

33.     Plaintiff complained repeatedly about the pain to his wrists from the excessively tight handcuffs, and pain to his shoulder from being rear-handcuffed, but the JOHN DOES MEMBERS OF THE NYPD ignored his complaints and did not loosen or adjust the position of his handcuffs.

34.     Only upon arrival at the hospital, when medical personnel told the JOHN DOES MEMBERS OF THE NYPD that they needed to attend to Plaintiff's medical needs, was Plaintiff

relieved from being rear-handcuffed, and at that point the JOHN DOES MEMBER OF THE NYPD handcuffed Plaintiff by one arm to the hospital bed.

35. Plaintiff experienced a knot on his left wrist that lasted for some time after the incident, and experienced numbness / tingling in his fingers that lasted a longer time thereafter, stemming from the excessively tight handcuffing.

36. Plaintiff was not un-cuffed and released from NYPD custody until approximately 5:00 a.m.

### FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

37. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

38. By their conduct and actions in unlawfully assaulting and battering plaintiff, falsely arresting plaintiff, unlawfully seizing plaintiff, unlawfully entering Plaintiff's property, violating rights to due process of plaintiff, failing to intercede on behalf of the plaintiff, and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants LATORRE, MAY, NATAL, and JOHN DOES MEMBERS OF THE NYPD, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

39. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, garden variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

40. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

41. By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants LATORRE and RICHARD ROES SUPERVISORY MEMBERS OF THE NYPD caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

42. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, garden variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

## LIABILITY OF DEFENDANT THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

43. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

44. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies,

8

practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

45. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

46. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the use of excessive force by members of the NYPD. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

47. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence," and by disingenuously shouting "stop resisting" or such when an individual they are brutalizing is not resisting arrest to attempt to create a purported justification for unjustified and excessive uses of force. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct

alleged herein.

48. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of failing to properly train supervise, and discipline members of the NYPD concerning when it is appropriate, and when it is not appropriate, to use TASER equipment upon members of the public; and concerning how, when using TASER equipment, to use it in a manner that is consistent with its manufacturer's warnings and recommendations.

49. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, garden variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

50. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

51. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers / supervisors, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

52.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, garden variety emotional distress, costs and expenses, and was otherwise damaged and injured.

### FIFTH CLAIM

### ASSAULT AND BATTERY

53.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

54.     By the actions described above, defendants did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

55.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, garden variety emotional distress, costs and expenses, and was otherwise damaged and injured.

### SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

56.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

57.     By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common

law rights as guaranteed by the laws and Constitution of the State of New York.

58. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, garden variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### TRESPASS

59. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

60. The defendants willfully, wrongfully and unlawfully trespassed upon the property and person of plaintiff.

61. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, garden variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### NEGLIGENCE

62. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

63. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

64. As a result of the foregoing, plaintiff was deprived of his liberty, experienced

injury, pain and suffering, garden variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

65. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

66. Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

67. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, garden variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

## CONSTITUTIONAL TORT

68. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

69. Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6 and 12 of the New York State Constitution.

70. A damages remedy here is necessary to effectuate the purposes of §§ 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

71. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, garden variety emotional distress, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the Plaintiffs demand the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:     New York, New York
           May 17, 2018

                                                   __/S/__Jeffrey A. Rothman____
                                                   JEFFREY A. ROTHMAN, Esq.
Law Office of Jeffrey A. Rothman
315 Broadway, Suite 200
New York, New York 10007
(212) 227-2980

Attorney for Plaintiff